**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 13-1112

—————

UNITED STATES OF AMERICA

v.

FELIX PENA-JAQUEZ
a/k/a Felix Pena
a/k/a Felix Antonio Pena
a/k/a Carlos Rosario

Felix Pena-Jaquez,
                                      Appellant

—————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-12-cr-00103-001)
District Judge:  Honorable James Knoll Gardner

—————————————

Submitted under Third Circuit LAR 34.1(a)
on September 4, 2014

Before:  GREENAWAY, JR., VANASKIE and ROTH, <u>Circuit Judges</u>

(Opinion filed: October 9, 2014)

—————

O P I N I O N

—————

**ROTH**, <u>Circuit Judge</u>:

Felix Pena-Jaquez appeals from a final judgment of conviction and sentence on charges of illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). Pena-Jaquez pleaded guilty and was sentenced to fifty-seven months' imprisonment, which was within the advisory Sentencing Guidelines range. On appeal, Pena-Jaquez argues that his sentence is procedurally unreasonable because, in the Presentence Investigation Report (PSR), the District Court refused to excise references to charges dismissed in a previous criminal prosecution and because the District Court failed to meaningfully consider his request for a downward variance. We conclude that the District Court did not meaningfully consider each of Pena-Jaquez's mitigation arguments, and so we will vacate and remand.

## I.[1]

We recently held that criminal defendants must make a separate and contemporaneous objection to a procedural error at sentencing "in order to preserve the error and avoid plain error review." *United States v. Flores-Mejia*, 753 F.3d 253, 258 (3d Cir. 2014) (en banc). We also held in *Flores-Mejia* that we would "not apply this new rule retroactively" to criminal defendants sentenced prior to the issuance of that opinion. *Id* at 259. We therefore review the District Court's sentence for abuse of discretion. *Id.*

## A.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction over Pena-Jaquez's appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Pena-Jaquez first argues that the District Court abused its discretion by considering state criminal charges that had been filed against Pena-Jaquez, but had been dismissed. We have previously held "that a bare arrest record—without more—does not justify an assumption that a defendant has committed other crimes." *United States v. Berry*, 553 F.3d 273, 284 (3d Cir. 2009). Here, however, the District Court did not rely on a bare arrest record or any unsupported speculation about Pena-Jaquez's background in considering the § 3553(a) factors. During the statement of reasons for selecting the sentence, the District Court did not mention any charges against Pena-Jaquez that did not result in convictions. The only reference the District Court made to charged crimes that did not result in convictions came at the beginning of the sentencing in response to Pena-Jaquez's objection. And even then the District Court noted that it "agree[d] with the thrust of the objection, that simply because" Pena-Jaquez was charged with particular offenses, "it does not mean that he was convicted of those offenses

The fact that Pena-Jaquez's PSR contained references to these charges does not constitute reversible error. The Sentencing Guidelines expressly permit sentencing courts to consider evidence of "[p]rior similar adult criminal conduct not resulting in a criminal conviction" for purposes of a departure. U.S.S.G. § 4A1.3(a)(2)(E). Federal law provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. It was not an abuse of discretion for the District Court to

3

overrule Pena-Jaquez's objection to the single sentence in his PSR that truthfully identified criminal charges that had not resulted in convictions.

B.

In response to a procedural challenge to a criminal sentence, we review the record of the District Court proceedings to ensure that "the district judge 'has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012) (quoting *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010)). For a District Court to meaningfully consider a defendant's sentence arguments, "one concrete requirement" is that "the court must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *Id.* (internal quotation marks omitted).

At his sentencing hearing, Pena-Jaquez made four arguments in support of his request for a downward variance. Specifically, Pena-Jaquez argued that he had close family ties in the United States, that his criminal history was inflated by a single old and relatively minor offense, that he had been in state custody for a substantial period of time after his illegal reentry, and that he provided substantial cooperation with law enforcement as part of his 2008 conviction for a marijuana conspiracy. One witness—Pena-Jaquez's sister—testified on the defendant's behalf, testifying that Pena-Jaquez was greatly missed by his family, who looked forward to a time when he would no longer be incarcerated.

After hearing from the government with respect to sentencing, the District Court sentenced Pena-Jaquez to a term of imprisonment of fifty-seven months against a

4

Guidelines range of forty-six to fifty-seven months.[2]  In explaining the reasons for the

sentence, the District Court made statements that alluded to some, but not all, of defense

counsel's sentencing arguments without explicitly ruling on them.  With respect to family

ties, the District Court stated that Pena-Jaquez would be deported regardless of the

sentence the Court imposed.  In considering the defendant's history and characteristics,

the District Court provided a detailed recitation of Pena-Jaquez's prior convictions and

terms of incarceration.  The District Court also referred to Pena-Jaquez's cooperation

with local government authorities during his 2008 arrest on drug charges, but explained

"[t]hat cooperation and benefit was limited to that particular case."

Despite these statements, the District Court did not explicitly respond to Pena-

Jaquez's request for a downward variance, nor did the District Court clearly explain that

the reasons offered did not warrant a reduced sentence.[3]  Furthermore, the District Court

did not respond to Pena-Jaquez's arguments regarding the age of the convictions

contributing to his criminal history points or his already lengthy incarceration.  This

failure to address Pena-Jaquez's arguments requires us to vacate the sentence and remand

for resentencing.  *See, e.g.*, *United States v. Sevilla*, 541 F.3d 226, 233 (3d Cir. 2008),

*overruled on other grounds by Flores-Mejia*, 759 F.3d at 258.

---

[2] Pena-Jaquez did not object to the calculation of his Guidelines range.
[3] At one point, the District Court also apparently misunderstood the timeline central to
Pena-Jaquez's cooperation argument, stating that Pena-Jaquez's cooperation in 2008
"unfortunately . . . did not deter the defendant from his illegal reentry crime," which was
committed in 2006.  This statement alone supports the conclusion that the District Court
abused its discretion by imposing a procedurally unreasonable sentence because it
constitutes a clearly erroneous factual conclusion.  *See United States v. Tomko*, 562 F.3d
558, 567–68 (3d Cir. 2009) (en banc).

## II.

For the foregoing reasons, we will vacate the Pena-Jaquez's sentence and remand for resentencing.